UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. **08-CV-61326-Cohn-Seltzer**

BRADLEY R. KARNS,

    Plaintiff,

v.

LAW OFFICE OF VINCENT P. CIGNARALE, LLC, AND
VINCENT PETER CIGNARALE,

    Defendants.

_____/

FILED by __VT__ D.C.
ELECTRONIC

**August 20, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA"). Plaintiff also alleges a state law tort of intrusion upon seclusion.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and Defendants placed telephone calls into this District.

## PARTIES

3.      Plaintiff, BRADLEY R. KARNS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.      Defendant, VINCENT PETER CIGNARALE, ("CIGNARALE") is believed to be a natural person and member of the New York Bar since 2007, with his principal place of business at 5100 Transit Road, Depew, New York, 14043 and residing at Apartment 11, 274 Milford Street, Rochester, New York 14615.

5.      Defendant, LAW OFFICE OF VINCENT P. CIGNARALE, LLC, ("CIGNARALE, LLC") is believed to be a limited liability company with its principal place of business at 5100 Transit Road, Depew, New York, 14043.

6.      At all times material to the allegations herein, CIGNARALE had knowledge of and authorized the conduct of the employees and others acting on behalf of the CIGNARALE, LLC complained of herein.

7.      CIGNARALE is intimately involved with the improper conduct alleged herein and directed the policies, practices and operations of CIGNARALE, LLC.

8.      Pursuant the applicable rules of the New York Bar, CIGNARALE is required to supervise the actions of the employees and others acting on behalf of CIGNARALE, LLC.

9.      CIGNARALE is responsible for the actions of CIGNARALE, LLC complained of herein.

2

10.     Defendants regularly use the mail and telephone in a business the principal purpose of which is the collection of debts.

11.     Defendants regularly collect or attempt to collect debts for other parties.

12.     Defendants are "debt collectors" as defined in the FDCPA.

13.     Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

14.     Defendants sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

15.     The alleged debt is time-barred or otherwise legally unenforceable.

16.     On information and belief, Defendants engage in the following business model: A presently unidentified debt buyer purchases legally unenforceable consumer debts for pennies on the dollar, then engages in a practice known as "rent-a-lawyer" to collect the alleged debts through the use of illegal, deceptive and harassing letters and telephone calls purportedly from the rented lawyer but largely controlled by the unidentified debt buyer. The rented lawyer has little or no involvement in the collection process, exercises no independent professional judgment with respect to the alleged debts and is simply used for the purpose of scaring consumers into believing they are being pursued by an attorney

3

when they are not in order to increase profits through illegal means. Upon discovery of the identity of the debt buyer, Plaintiff will amend this complaint to add the debt buyer as a defendant.

17.    Defendants left the following messages on Plaintiff's voice mail on his cellular telephone on or about the date stated:

July 21, 2008
This is an important message for Brad Karns from the Law Office of Vincent Cignarale. My name is Vincent Cignarale. My services have been retained on a file that directly concerns you. My office has tried to contact you on several occasions. Unfortunately, we have not heard back from you. I would like to know why you haven't called us. I must now make a decision regarding this matter. If you wish to have any input, I would strongly suggest contacting my office at 1-866-878-5796. Once again, that is 1-866-878-5796. Thank you.

18.    Defendants left similar or identical messages on other occasions within one-year of the filing of this complaint. (Collectively, "the telephone messages").

19.    The messages make use of an artificial and or pre-recorded voice.

20.    The messages are "communications" as defined by 15 U.S.C. §1692a(2).

21.    Defendants failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages.

22.     Coming personally from an attorney, the messages imply the direct personal involvement of an attorney exercising independent professional judgment when no such involvement had occurred.

23.     The messages state that the attorney must make a "decision" implying to the "least sophisticated consumer" that the decision may regard whether the attorney will commence legal action or otherwise implying that litigation is imminent when it is not.

24.     The U.S. Court of Appeals for the Eleventh Circuit has established the standard by which violations of the FDCPA are analyzed, *i.e.,* whether the communication by the debt collector would mislead the "least sophisticated consumer". *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1172-78  (11th Cir. 1985).

25.     Based upon information and belief, Defendants knew they were required to disclose that they are debt collectors and the purpose of their communication in telephone messages to Plaintiff.

26.     Based upon information and belief, Defendants used an automatic telephone dialing system and or an artificial or pre-recorded voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of the filing of this complaint.

27.     Plaintiff did not expressly consent to Defendants placement of telephone calls to his cellular telephone by the use of an automatic telephone

dialing system and or the use of an artificial or pre-recorded voice prior to Defendants placement of the calls.

28.    None of Defendants telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

29.    Defendants willfully or knowingly violated the TCPA.

**COUNT I**
**FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR**

30.    Plaintiff incorporates Paragraphs 1 through 29.

31.    Defendants failed to disclose in the telephone messages that they are debt collectors in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.    Damages;

b.    Attorney's fees, litigation expenses and costs of suit; and

c.    Such other or further relief as the Court deems proper.

**COUNT II**
**FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY**

32.    Plaintiff incorporates Paragraphs 1 through 29.

6

33.     Defendants placed telephone calls to Plaintiff without making meaningful disclosure of their identity when they failed to disclose that they are debt collectors and the purpose of their communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.     Damages;

    b.     Attorney's fees, litigation expenses and costs of suit; and

    c.     Such other or further relief as the Court deems proper.

## COUNT III
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

34.     Plaintiff incorporates Paragraphs 1 through 29.

35.     Defendants asserted the right to collect a debt by leaving repeated telephone messages for Plaintiff without disclosing that they are debt collectors and the purpose of their communications, by claiming the communication was urgent and important when it was not, by falsely implying attorney involvement, by falsely implying litigation was imminent, and by using an automatic telephone dialing system and or messages using an artificial or pre-recorded voice to

7

Plaintiff's cellular telephone to which Plaintiff had not consented, all done when Defendants knew they did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

      a.      Damages;

      b.      Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## COUNT IV
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

36.    Plaintiff incorporates Paragraphs 1 through 29.

37.    By failing to disclose that they are debt collectors and the purpose of their communication, by claiming the matter was urgent and important when it was not, by falsely implying attorney involvement, by falsely implying litigation was imminent and by using an automatic telephone dialing system and or an artificial or pre-recorded voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, Defendants willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

8

a.     Damages;

b.     Attorney's fees, litigation expenses and costs of suit; and

c.     Such other or further relief as the Court deems proper.

## COUNT V
## DECEPTIVE THREAT OF ATTORNEY INVOLVEMENT

38.     Plaintiff incorporates Paragraphs 1 through 29.

39.     Through the use of pre-recorded messages reciting they are from personally from attorney, CIGNARALE, Defendants implied the direct personal involvement of an attorney exercising independent professional judgment when no such involvement had occurred in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.     Damages;

b.     Attorney's fees, litigation expenses and costs of suit; and

c.     Such other or further relief as the Court deems proper.

## COUNT VI
## INVASION OF PRIVACY BY INTRUSION ON SECLUSION

40.     Plaintiff incorporates Paragraphs 1 through 29.

41.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

9

Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

42.   Defendants intentionally interfered with the solitude and seclusion of Plaintiff by repeatedly and unlawfully attempting to collect an alleged debt via repeated telephone calls placed by the use of illegal means and thereby invaded Plaintiff's privacy, seclusion and solitude.

43.   Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting the alleged debt, and thereby invaded and intruded upon Plaintiff's right to privacy.

44.   Plaintiff has a reasonable expectation of privacy in maintaining Plaintiff's solitude, seclusion and private affairs.

45.   These intrusions and invasions against Plaintiff occurred in a way that is highly offensive to a reasonable person.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.   Damages; and

c.   Such other or further relief as the Court deems proper.

## COUNT VII
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

46.   Plaintiff incorporates Paragraphs 1 through 29.

10

47.     Defendants placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and or the use of an artificial or pre-recorded voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii). See *Leckler v. Cashcall, Inc.*, 554 F. Supp. 2d 1025 (N.D. Cal. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.     Damages; and

b.     Such other or further relief as the Court deems proper.

## COUNT VIII
## DECLARATORY RELIEF AND PERMANENT INJUNCTION

48.     Plaintiff incorporates Paragraphs 1 through 29.

49.     Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendants practices are in violation of the FDCPA, FCCPA, and the TCPA.

50.     Plaintiff seeks a permanent injunction prohibiting Defendants from continuing to engage in the violative practices.

51.     Pursuant to 47 U.S.C § 227 (c)(5)(A), Plaintiff seeks a permanent injunction prohibiting Defendants from placing non-emergency telephone calls to the cellular telephone of any person by the use of an automatic telephone dialing system and or by the use of an artificial or pre-recorded voice without that person's prior express consent.

11

WHEREFORE, Plaintiff requests that the Court enter judgment:

 a. declaring that Defendants practices violate the FDCPA,

FCCPA, and the TCPA;

 b. permanently injoining Defendants from engaging in the

violative practices;

 c. Attorney's fees, litigation expenses and costs of suit; and

 d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this _18_ day of August, 2008.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> By:_____
>  Donald A. Yarbrough, Esq.
>  Florida Bar No. 0158658

12

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**

Bradley R. Karns

**DEFENDANTS**

Law Office of Vincent P. Cignarale, LLC and
Vincent Peter Cignarale

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES) **Broward**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:        IN LAND CONDEMNATION CASES, USE THE LOCATION
OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842

FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

0:08CV 6 1326- Cohn-BSS

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

| II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY) | | III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only) | | | | |
|---|---|---|---|---|---|---|
| | | | PTF | DEF | (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT | PTF DEF |
| ☐ 1. U.S. Government Plaintiff | ☒ 3. Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | 1 ☐ 1 |
| ☐ 2. U.S. Government Defendant | ☐ 4. Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 2 |
| | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** __1-2__ days estimated (for both sides) to try entire case   15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine ☐ 370 Other Fraud | ☐ 640 R.R. & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability ☐ 371 Truth in Lending B | ☐ 650 Airline Regs | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle ☐ 380 Other Personal Property Damage | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability ☐ 385 Property Damage Product Liability | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | **A LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment ☐ 530 General* | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare ☐ 540 Mandamus & Other* | ☐ 791 Employee Ret. Inc. Security Act B | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights ☐ 550 Civil Rights *A or B | | | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | | | |

| VI. ORIGIN | (PLACE AN X IN ONE BOX ONLY) | | | | |
|---|---|---|---|---|---|
| ☒ 1. Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Refiled ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23 CLASS ACTION No | DEMAND $ N/A | Check YES only if demanded in complaint JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: August 19 2008   SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

| FOR OFFICE USE ONLY: Receipt No. _____ | Amount: 350 _____ |
|---|---|
| Date Paid: _____ | M/ifp: _____ |

543949

FTL/LINP/266449/5pld011.DOC/8/18/08/26094.010400